IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ERICK ANTHONY SANTOS, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. MJM-24-468 |
| ANTHONY BROWN, and CARLOS BIVENS, *Warden*, | * | |
| | * | |
| Respondents. | * | |

***

**MEMORANDUM**

Self-represented Petitioner Erick Anthony Santos filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, asserting that the Maryland State courts and the State of Maryland repeatedly refuse to resolve a criminal case against him, which caused him to remain in a higher level security prison and be denied parole on a different case. ECF No. 1. Respondents filed a Limited Answer, and Petitioner filed a Response. ECF Nos. 6, 8. Petitioner also filed Motions for Preliminary Injunction and for Declaratory Judgment. ECF Nos. 7, 10. Finally, Respondents filed a Motion to Dismiss the Petition, and Petitioner filed a Rebuttal to the Motion. ECF Nos. 11, 13. No hearing is necessary. Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2023). For the reasons set forth herein, Respondents' Motion to Dismiss is granted. The Petition will be dismissed, and Petitioner's Motions for Preliminary Injunction and for Declaratory Judgement will be denied.

**I.    Background**

On February 20, 2024, Petitioner filed his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, asserting that that the Maryland state court is unconstitutionally preventing him from resolving a criminal case. ECF No. 1. Petitioner, who is currently serving an eight-year term

of imprisonment for theft and forgery, states that his charges in Case No. 5E00696729 have caused a detainer and warrant to be lodged against him, resulting in a higher custody level and preventing him from being released on parole.[1] *Id*.; *see also* ECF No. 1-5 ("Affidavit of Sworn Testimony"). He states that an arrest warrant was issued for him on December 8, 2020, for theft under Maryland Criminal Code § 7-104, and that the warrant was recalled on March 8, 2021. ECF No. 1 at 1–2. He claims that he "made special appearance[s]" in court on May 23, 2022, October 5, 2022, and December 19, 2022, and that the court "refused to honor [his] request to settle and discharge the case." *Id*. Petitioner claims that, on each occasion, the court stated that he had failed to appear, and it eventually issued a bench warrant. *Id*. at 2. Petitioner further claims that "every single date scheduled on the record, [he] made a physical special appearance each and every time, yet the judge assigned to the case Judge Lakeecia Allen has willfully lied and said I failed to appear, each time." *Id*. Petitioner states that he has filed numerous "writs, affidavits, and exhibits" that were never resolved by the court or responded to by the State's Attorney. *Id*. at 4. Petitioner alleges that his due process rights were violated by way of the action or inaction of the state court. *Id*. at 5. He requests injunctive relief against the State of Maryland, including dismissal of the charges against him. *Id*. at 6; ECF No. 1-5.

On April 9, 2024, Respondents filed a Limited Answer to the Petition, arguing that Petitioner was not "in custody" for the challenged criminal charges at the time the Petition was filed; the Court should abstain from interfering in Petitioner's ongoing criminal case; and Petitioner has not exhausted available state remedies. ECF No. 6. On April 15, 2024, Petitioner

---

[1] Petitioner included a copy of the court docket for *State of Maryland v. Santos*, Case. No. 5E00696729, filed on December 8, 2020, in the District Court for Prince George's County. ECF No. 1-1. Review of the Maryland Judiciary Case Search indicates that Petitioner was convicted on April 7, 2022, of theft, forgery, and issuing false documents in the Circuit Court for Charles County and sentenced to eight years' imprisonment. *See* Case No. C08CR21000287, https://casesearch.courts.state.md.us/casesearch/inquirySearch.jis (last visited January 23, 2025).

filed an opposition response and a Motion for Preliminary Injunction. ECF Nos. 7, 8. Petitioner argues that he is in custody as a result of the criminal case at issue in the Petition because that case is preventing him from being released on parole in his other case. ECF No. 8 at 2. He also argues that he has exhausted all state remedies, including filing "GSA bonds," "authenticated certificate of live birth as well as other documents proving that [he is] the holder in due course," "over 80 writs, affidavits, [and] exhibits," and several writs of mandamus. *Id*. at 4. His Motion for Preliminary Injunction makes the same or similar arguments as those raised in his Petition and opposition response. ECF No. 7. The Motion asks this Court to stop the "District Court of Maryland" from proceeding against him at trial. *Id*. Respondents filed an opposition response to Petitioner's Motion, arguing that this Court does not have jurisdiction to grant the relief requested, nor has Petitioner shown that he is entitled to such relief. ECF No. 9.

On July 9, 2024, Petitioner filed a Motion for Declaratory Judgment. ECF No. 10. Petitioner states that at a hearing held on June 28, 2024, the prosecutor filed a nolle prosequi in his criminal case. ECF No. 10 at 2. He asks that the Court grant a "notice of estoppel motion," enjoin the State of Maryland from "applying any statutory laws against [him] in the near future," and destroy all records "bearing the name ERICK ANTHONY SANTOS immediately without delay." *Id*. at 3–4.

On July 11, 2024, Respondents filed a Motion to Dismiss the Petition, arguing that the Petition is moot because the underlying state case has been dismissed, and there is no longer any case or controversy to resolve. ECF No. 11. Petitioner filed an opposition response to Respondents' Motion, maintaining that his rights were violated and again asking the Court to issue an injunction preventing the State of Maryland from "applying any more statutory laws against [him] in the future." ECF No. 13 at 3.

3

**II.    Discussion**

To be entitled to habeas relief, a petition pursuant to 28 U.S.C. § 2241 must be filed by a person "in custody in violation of the Constitution or law or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Supreme Court has "interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989). Ordinary principles of mootness apply to petitioners seeking federal habeas relief. "A habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2, of the Constitution." *Aragon v. Shanks*, 144 F.3d 690, 691 (10th Cir. 1998) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477–78 (1990). The parties must continue to have a "personal stake in the outcome" of the lawsuit. *Id.* at 478 (quoting *Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983)). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Spencer*, 523 U.S. at 7 (quoting *Lewis*, 494 U.S. at 477). Here, the criminal case underlying the Petition has been dismissed, and there can be no active detainer against Petitioner relevant to that case. Therefore, the case is moot, and the Petition shall be dismissed.

Petitioner's Motion for Preliminary Injunction, which seeks an order enjoining the State of Maryland from proceeding against him at trial, shall likewise be denied as moot. By way of the nolle prosequi, Petitioner has received the relief requested.

Petitioner's Motion for Declaratory Judgment, best construed as a petition for writ of mandamus, asks the Court to enjoin the State of Maryland from applying statutes against him.

ECF No. 10.  Under 28 U.S.C. § 1361, federal district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a duty owed to a petitioner.  However, this federal district court has no mandamus jurisdiction over State employees, like Respondents in this case.  *Gurley v. Superior Court of Mecklenburg Cty.*, 411 F.2d 586, 587 (4th Cir. 1969).  Additionally, a writ of mandamus is an extraordinary writ that is only available in cases where no other means by which the relief sought could be granted.  *See In re Beard*, 811 F.2d 818, 826 (4th Cir. 1987) (mandamus is only available if plaintiff has no other adequate means to attain relief); *Cheney v. U.S. Dist. Court for Dist. of Columbia*, 542 U.S. 367, 380 (2004) (discussing appellate court jurisdiction to issue mandamus to enforce District Court judgment); *South Carolina v. United States*, 907 F.3d 742, 754-55 (4th Cir. 2018) (discussing requirements for mandamus relief to issue). As such, the Motion for Declaratory Judgment is denied.

### III.    Certificate of Appealability

A habeas petitioner has no absolute entitlement to appeal a district court's denial of his motion.  *See* 28 U.S.C. § 2253(c)(1).  A certificate of appealability may issue if the prisoner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  When a district court dismisses a petition on procedural grounds, the petitioner must show that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Here, Petitioner's claims are dismissed on procedural grounds, and this Court finds that Petitioner has not made the requisite showing to warrant a certificate of appealability.  The Court therefore declines to issue a certificate of appealability. Petitioner may still request that the United States Court of Appeals for the Fourth Circuit issue

such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

      A separate Order follows.

__1/30/25____                             _____/S/_____
Date                                            Matthew J. Maddox
                                                 United States District Judge